**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND SPELLMAN,<br><br>                              Plaintiff,<br>v.<br><br>EXPRESS DYNAMICS, LLC,<br><br>                              Defendants. | **OPINION**<br><br>Civ. No. 2:15-cv-03257 (WHW) (CLW) |

**Walls, Senior District Judge**

      Plaintiff Raymond Spellman filed this breach of contract action in New Jersey Superior Court, alleging that Defendant Express Dynamics, LLC ("Express Dynamics") owes him a share of the revenues it has earned and will earn under a contract that he helped it obtain. Defendant removed the action to this Court, and now moves to dismiss it based on insufficient process. Plaintiff cross-moves for remand to New Jersey Superior Court. Decided without oral argument under Federal Rule of Civil Procedure 78(b), the Court denies Plaintiff's motion for remand and grants Defendant's motion to dismiss.

<strong>FACTUAL AND PROCEDURAL BACKGROUND</strong>

      Spellman, a New Jersey resident, initiated this action in New Jersey Superior Court on March 31, 2015. Compl. ¶ 1, ECF No. 1-1. Express Dynamics is a software development company located in Pennsylvania. *Id.* ¶ 2. In 2006, Spellman was "successful in marketing and selling" Express Dynamics's services to Servolift LLC ("Servolift"), a New Jersey company not party to this case. *Id.* ¶ 15. Spellman alleges that he entered into a "verbal and written agreement" with Express Dynamics obligating it to pay him 40% of all revenues it earns from Servolift, including $1,500 in monthly "licensing fee[s]." *Id.* ¶¶ 15-28, 38. Spellman claims that Express Dynamics

1

**NOT FOR PUBLICATION**

duly paid him 40% of its monthly licensing fee revenue from January 2008 to March 2009, but then stopped paying him entirely. *Id.* ¶¶ 46-49.

Spellman contends that, as of March 31, 2015, Express Dynamics owed him $43,200 for his share of licensing fees that Servolift has already paid, and that he is owed an additional $600 for each month that Servolift maintains its contractual relationship with Express Dynamics. *Id.* ¶¶ 48-50. Spellman attests that Express Dynamics's contract with Servolift is expected to last 25 years, and that he stands to earn $180,000 in future payments from Express Dynamics during the contract's lifetime. *Id.* ¶ 50.

In February 2009, Express Dynamics filed an action for declaratory judgment in Pennsylvania state court. Cert. of Amanda J. Lavis ("Lavis Cert."), Ex. A, ECF No. 2-4. In that case, it seeks a determination from the Pennsylvania Court of Common Pleas, Cumberland County, as to whether it "could terminate the oral agreement with [Spellman] at will." *Id.*, Ex. A ¶ 27. Express Dynamics's complaint asks the Pennsylvania court to "enter a declaratory judgment setting forth the rights of the parties with respect to this dispute." *Id.* ¶ 28. On May 6, 2010, Spellman filed an Answer in the Pennsylvania action asserting that he is "lawfully entitled to all funds rightfully earned and due from Servolift." *Id.*, Ex. B ¶ 19. Discovery began after the pleadings were filed and counsel for Express Dynamics took Spellman's deposition on November 17, 2010. Def.'s Mot. Dismiss 5. Express Dynamics represents that it "has conducted the majority of discovery needed for filing of a dispositive motion, or to proceed the case to trial." *Id.* at 6.

On May 11, 2015, after Spellman filed the present action in New Jersey Superior Court, Express Dynamics removed it here under this Court's diversity jurisdiction. Notice of Removal ¶ 3, ECF No. 1. Express Dynamics asserts that the amount in controversy exceeds the $75,000 amount required for diversity jurisdiction because Spellman "seeks $43,200.00 for licensing

payments for seventy-two months, plus $180,000 for future licensing payments." *Id.* ¶ 16. Express Dynamics now moves to dismiss Spellman's complaint. Def.'s Mot. Dismiss, ECF No. 2. Spellman opposes dismissal and cross-moves for remand to New Jersey Superior Court, arguing that the amount in controversy is insufficient for diversity jurisdiction. Pl.'s Mot. Remand, ECF No. 5; Pl.'s Opp., ECF No. 11.

## DISCUSSION

### 1. Removal Was Proper Because the Amount in Controversy Is Sufficient for Diversity Jurisdiction

Plaintiff argues for remand on the grounds that his claim for $43,200 of past licensing fees is below the $75,000 threshold for diversity jurisdiction. Pl.'s Mot. Remand ¶ 2. He contends that the $180,000 he seeks for future licensing fee payments is not part of the amount in controversy. Pl.'s Mot. Remand ¶ 2. Defendant argues that diversity jurisdiction is satisfied because the $180,000 amount is properly included in the amount in controversy. Def.'s Opp. 1, ECF No. 8.

To invoke the Court's diversity jurisdiction, "the matter in controversy" must "exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "Where a plaintiff brings a suit for payment of money as part of an ongoing and continually accruing obligation, such as an installment contract, the amount in controversy is generally limited to the amount then due and owing, even if a judgment would have collateral estoppel effects on liability for future payments." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (citing *Aetna Cas. & Sur. Co. v. Flowers*, 330 U.S. 464, 467 (1947)). However, where "a suit is brought to establish directly the right to receive any payments because the putative defendant has repudiated that right entirely, and not just with respect to current payments, the amount in controversy is the entire amount that may ever come due." *Id.* (citing *Aetna*, 330 U.S. at 469).

**NOT FOR PUBLICATION**

Here, Express Dynamics disputes that "a valid and enforceable contract exists" and "denies that Spellman is entitled to any additional payments." Def.'s Opp. 3-4. Because Express Dynamics has repudiated Mr. Spellman's right to any portion of its revenues from Servolift, the amount in controversy is the entire amount to which Mr. Spellman may ever be entitled under his agreement with Express Dynamics. *Dardovitch*, 190 F.3d at 135; *see also Con-Way Transp. Serv. v. RegScan, Inc.*, Civ. No. 03-0374, 2005 WL 1210950, at *3 (M.D. Pa. Apr. 22, 2005) (finding that amount in controversy included value of potential future royalties where defendant repudiated validity of royalty agreement). Mr. Spellman has alleged damages of $43,200 for past-due payments, and future damages possibly amounting to $180,000. Compl. ¶¶ 48-50. Because Express Dynamics denies Spellman's right to receive any portion of its revenue from Servolift, the amount in controversy properly includes the $180,000 Spellman seeks for future licensing fees. The Court is satisfied that the amount in controversy exceeds $75,000 and that diversity jurisdiction exists. Remand is unjustified.

### 2. Process Was Defective and Dismissal Is Warranted

Since removal was proper, the Court next considers Express Dynamics's motion to dismiss. Express Dynamics seeks dismissal on the ground that process was insufficient because the summons it received was not signed by the Clerk of the New Jersey Superior Court.[1] Def.'s Mot. Dismiss 10-11.

New Jersey Court Rule 4:4-2 requires that the summons served on a defendant be "signed in the name of the Superior Court Clerk and directed to the defendant." N.J. Ct. R. 4:4-2. The summons Spellman served on Express Dynamics was not signed. Summons, ECF No. 1-1. As such, it failed to comply with Rule 4:4-2. The New Jersey Supreme Court has held that "[t]he

---

[1] The Court need not reach Express Dynamics's alternative arguments for dismissal.

requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with." *Driscoll v. Burlington-Bristol Bridge Co.*, 8 N.J. 433, 493 (1952). Although New Jersey courts have tolerated minor technical deficiencies in plaintiffs' compliance with service requirements, *see Citibank, N.A. v. Russo*, 334 N.J. Super. 346, 352 (App. Div. 2000), they have strictly enforced the requirement that a defendant be served with a proper summons. *Boone v. Ortiz*, No. A-2886-07T2, 2009 WL 365646, at *1 (N.J. Super. Ct. App. Div. Feb. 17, 2009) (stating that compliance with Rule 4:4-2 is "jurisdictional," and affirming that trial court lacked personal jurisdiction over defendant where summons was unsigned); *see also New Jersey Mfrs. Ins. Co. v. Dilisio*, No. A-2051-04T3, 2005 WL 4225854, at *3 (N.J. Super. Ct. App. Div. July 20, 2006).

Although a federal court must look to state law to determine the validity of a plaintiff's service of process before removal, *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 560 (D.N.J. 2009), the Third Circuit Court of Appeals has likewise held that an unsigned summons is insufficient to obtain personal jurisdiction over a defendant. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) ("A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant."). "The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over a defendant in a civil case is fatal to the plaintiff's case." *Mathies v. Silver*, 266 F. App'x 138, 140 (3d Cir. 2008) (citing *Ayres*, 99 F.3d at 569). "Upon proper motion, such a suit should be dismissed under Rule 12(b)(2)" and "it becomes unnecessary for the district court[ ] to consider such questions as whether service was properly made." *Id.* Because Spellman's summons was not signed by the

**NOT FOR PUBLICATION**

Clerk of the New Jersey Superior Court, personal jurisdiction over Express Dynamics was not properly obtained. Plaintiff's complaint must be dismissed.[2]

## CONCLUSION

Plaintiff's motion for remand is denied and Defendant's motion to dismiss is granted. An appropriate order follows.

Date: July 28, 2015

Hon. William H. Walls
United States Senior District Judge

---

[2] "Even though plaintiff is acting pro se, he is expected to comply with the requirements of the Rules of Court." *Boone*, 2009 WL 365646, at *1 (citing cases). "This is not a case . . . in which there were complicated legal issues involved." *Id.*

6