**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND SPELLMAN,<br><br>       Plaintiff,<br>  v.<br><br>EXPRESS DYNAMICS, LLC, d/b/a<br>WorkXpress<br><br>       Defendant. | OPINION<br><br>Civ. No. 2:15-cv-03257 (WHW) (CLW) |

**Walls, Senior District Judge**

Plaintiff Raymond Spellman moves to reopen his case against Defendant Express Dynamics, LLC, d/b/a WorkXpress ("Express"), issue a summons, and extend time to effectuate service. *See* Motion to Reopen Case, ECF No. 16. The motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this case was set forth in the Court's July 28 Opinion, ECF No. 12, and need not be repeated here. Spellman, a New Jersey resident, initiated this action *pro se* in New Jersey Superior Court on March 31, 2015. Compl. ¶ 1, ECF No. 1-1. On May 11, 2015, Express removed the action. Notice of Removal ¶ 3, ECF No. 1. Express then moved to dismiss Spellman's complaint on May 15, 2015. Def.'s Mot. Dismiss, ECF No. 2. Spellman opposed dismissal and cross-moved for remand to New Jersey Superior Court. Pl.'s Mot. Remand, ECF No. 5; Pl.'s Opp., ECF No. 11. On July 28, 2015, the Court denied Spellman's motion to remand, finding that removal had been proper because the case met the requirements for diversity jurisdiction set by 28 U.S.C. § 1332. Opinion at 3-6. The Court then dismissed the case for improper service of process because the summons that Express received had not been signed by the Clerk of the New Jersey Superior Court, as required by New Jersey Court Rule 4:4-2. *Id.*

**NOT FOR PUBLICATION**

Spellman now moves to reopen the case, issue a summons, and request an extension of time to effectuate service of his complaint. Mot. to Reopen at 2. After retaining his current counsel on August 31, 2015, Spellman filed a Request for Issuance of Summons with the Clerk of Court on September 1, but a summons was not issued because the case had been closed. *Id.* at ¶¶ 10-12.

## DISCUSSION

When a case has been removed to federal court and "service has not been perfected prior to removal" or the "process served proves to be defective," 28 U.S.C. § 1448 provides that "process or service may be completed or new process issued in the same manner as in cases originally filed in" federal district court. *See Rice v. Alpha Sec., Inc.*, 556 F. App'x 257, 260 (4th Cir. 2014). Under Fed. R. Civ. P. 4(m), a Court is required to extend time for service where a plaintiff demonstrates good cause. *Cain v. Abraxas*, 209 F. App'x 94, 96 (3d Cir. 2006). Good cause is demonstrated by a showing of good faith and some reasonable basis for noncompliance within the time specified by the rule. *Id.* Even where good cause is not shown, a Court may, within its discretion, decide to extend time for service. *Id.* Pro se status is a factor that will "frequently weigh in favor of exercising such discretion." *Id.*

Spellman's *pro se* status before August 31, 2015 weighs in favor of an extension of time, and his attempt to file a timely request to issue summons on September 1, 2015 demonstrates good faith and a reasonable basis for noncompliance. The Court finds that there is good cause to grant Spellman's motion. An appropriate order follows.

Date: September 24, 2015

_____
Hon. William H. Walls
United States Senior District Judge

2