UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND SPELLMAN,<br><br>                      Plaintiff,<br>     v.<br><br>EXPRESS DYNAMICS, LLC, d/b/a<br>WorkXpress<br><br>                      Defendant. | OPINION<br><br>Civ. No. 2:15-cv-03257 (WHW) (CLW) |

**Walls, Senior District Judge**

Defendant Express Dynamics, LLC, d/b/a WorkXpress ("WorkXpress") moves to dismiss this action, arguing that it is duplicative with ongoing litigation in Pennsylvania and that this Court should abstain. Alternatively, Defendant moves for the Court to dismiss certain counts and to stay the action pending a decision in Pennsylvania. Decided without oral argument under Federal Rule of Civil Procedure 78, Defendant's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

WorkXpress is a Pennsylvania software development company that designs business software. Compl., ECF No. 1-1 ¶¶ 2, 6. Plaintiff Raymond Spellman, a New Jersey resident, claims that he devised the company's marketing plans and gave the company its name during its "start up phases." *Id.* ¶¶ 7-9. He claims that he "was to be compensated" by WorkXpress for this work but never received payment. *Id.* ¶¶ 10-11. Spellman later marketed WorkXpress's software to Servolift, another company. *Id.* ¶ 15. He asserts that he entered into a "verbal and written agreement" with WorkXpress that entitled him to 40% of the revenues the company earned from its sales to Servolift, along with $1,500 per month in licensing fees. *Id.* ¶¶ 19-28, 38. Spellman was also to provide Servolift with customer service and be the exclusive point of contact

1

between the two companies. *Id.* ¶¶ 30, 51. He contends that WorkXpress stopped paying him in April, 2009 and that he has not received the payments he is owed since that date. *Id.* ¶ 47. He also contends that Defendant directly communicated with Servolift without his knowledge or consent. *Id.* ¶¶ 51-52. Spellman claims he was owed $43,200 as of March 31, 2015 and expects to be owed $180,000 over the remaining life of the contract. *Id.* ¶¶ 48-50.

On February 9, 2010, WorkXpress brought an action against Spellman in the Court of Common Pleas in Cumberland County, Pennsylvania (the "Pennsylvania action"). Cert. of Amanda Lavis ("Lavis Cert."), Ex. A, ECF No. 21-4. In that action, WorkXpress sought a declaratory judgment that it had the right to terminate its oral contract with Spellman at will because the contract did not specify a definite time or necessary conidtions. *Id.* ¶¶ 22-33. Spellman answered this complaint and raised several affirmative defenses, including the doctrines of unjust enrichment and breach of contract. Lavis Cert., Ex. B ¶¶ 35-50. Spellman also claimed that he performed "all of his duties with respect to the subject in issue." *Id.* ¶ 51. The parties' litigation in Pennsylvania remains ongoing. Mot. to Dismiss, ECF No. 21-2 at 1.

Acting pro se, Spellman initiated this action on March 31, 2015 in the Superior Court of New Jersey. *See generally* Compl. WorkXpress removed it to this Court on May 11, 2015. Notice of Removal, ECF No. 1. Spellman brings claims for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment. Compl. ¶¶ 54-69. On July 28, 2015, this Court granted a motion by Defendant to dismiss the action based on defective service of process after finding that removal had been proper because the case satisfied the test for diversity jurisdiction. ECF No. 12. Spellman, who is now represented, moved to reopen the case on September 8, 2015, and his motion was granted on September 24. ECF Nos. 16-17. Express brought this motion to dismiss on October 16, 2015.

2

Defendant describes this litigation as "an attempt to circumvent a failed Motion to Transfer Venue in the Pennsylvania Action." Mot. to Dismiss at 7. It argues that the complaint should be dismissed (1) under the *Colorado River* abstention doctrine, *id.* at 11-16, (2) under the first-filed rule, *id.* at 16-18, and (3) according to New Jersey procedural law, *id.* at 18-20. If the Court does not dismiss the complaint in its entirety, Defendant argues that it should dismiss the claims for unjust enrichment and breach of the duty of good faith and fair dealing and should stay these proceedings pending the resolution of the Pennsylvania action. *Id.* at 20-25.

## DISCUSSION

The Court first addresses Defendant's abstention arguments. Because the Court will not abstain, it will address the assertion that the unjust enrichment and breach of the duty of good faith and fair dealing claims should be dismissed. Finally, the grant of a stay will be considered.

1. **The Court will not abstain under the grounds asserted by Defendant.**

    a. ***Colorado River* abstention is not warranted because the actions are not parallel and Defendant has not demonstrated extraordinary circumstances.**

A federal court may abstain "either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding" under the *Colorado River* doctrine. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (citing *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976)). The doctrine of abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813 (quoting *Cty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). "*Colorado River* abstention must be grounded on more than just the interest in avoiding duplicative litigation." *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171-72 (3d Cir. 1999).

The threshold question in determining whether abstention is appropriate is whether there is a parallel state proceeding. *Yang v. Tsui*, 416 F.3d 199, 204 n. 5 (3d Cir. 2005). Two proceedings are parallel "when they 'involve the same parties and substantially identical claims, raising nearly identical allegations and issues,' and when plaintiffs in each forum seek the same remedies." *Golden Gate Nat. Senior Care, LLC v. Minich*, 2015 WL 6111426 at *2 (3d Cir. Oct. 16, 2015) (quoting *Yang*, 416 F.3d at 204 n. 5 and citing *Harris v. Pernsley*, 755 F.2d 338, 346 (3d Cir. 1985)).

If two proceedings are parallel, a court then applies a six-part test to determine whether there are "extraordinary circumstances" that justify abstention, analyzing: (1) which court first assumed jurisdiction over property in an *in rem* case, (2) "the inconvenience of the federal forum," (3) "the desirability of avoiding piecemeal litigation," (4) "the order in which jurisdiction was obtained," (5) "whether federal or state law controls," and (6) "whether the state court will adequately protect the interests of the parties." *Nationwide*, 571 F.3d at 308. No single factor is determinative, and the "balancing of factors is 'heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

### i. These actions are not parallel.

The action here and the action in Pennsylvania both involve Spellman and WorkXpress. The majority of the allegations in both actions involve the alleged termination of the parties' Servolift contract, but here, unlike in Pennsylvania, Spellman has also alleged that he did not receive agreed-upon payments for his work in creating Defendant's marketing plans and naming the company's products. Compl. ¶¶ 8-11.

Spellman's causes of action here are for breach of contract, unjust enrichment, and breach of the duty of good faith and fair dealing. *Id.* ¶¶ 54-69. In Pennsylvania, WorkXpress seeks a declaratory judgment that it had the right to "terminate its relationships with [Spellman] at will." ECF No. 21-4 ¶ 33. Spellman's answer in Pennsylvania has asserted the doctrines of unjust enrichment and breach of contract as affirmative defenses. Lavis Cert., Ex. B ¶¶ 35-50. His answer also claims that he performed all of his contractual duties. *Id.* ¶ 51.

The differences between these two actions are too significant to consider them parallel. Spellman claims here that he was not compensated for the planning he did for Defendant, an allegation that has not been made in Pennsylvania. And although he has raised his breach of contract and unjust enrichment theories as affirmative defenses in Pennsylvania, here he has also brought a claim for a breach of the duty of good faith and fair dealing, which does not appear in the other action. Most importantly, these "cases are not truly parallel since the federal court plaintiff[ seeks] money damages while the state court plaintiff[ does] not." *Harris*, 755 F.2d at 346. Should WorkXpress prevail in Pennsylvania, at least some of this action would likely be barred by the principle of res judicata. But if Spellman prevails there, the litigation here must continue to determine damages. Because damages are an issue in only one of these actions, they are not parallel. *See Golden Gate*, 2015 WL 6111426 at *2; *Harris*, 755 F.2d at 346; *Clark v. Lacy*, 376 F.3d 682, 687 (7th Cir. 2004) (lawsuits parallel if the "relief requested in this case is substantially similar to that requested in the [state] action") (emphasis removed).

### ii. There are no extraordinary circumstances to justify abstention.

Although the Court is not required to consider whether these actions present extraordinary circumstances because they are not parallel, it notes for the sake of argument that they would not satisfy the test outlined in *Nationwide Mutual*. The "general rule regarding

simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." *Univ. of Md. at Balt. v. Peat Marwick Main & Co.*, 923 F.2d 265, 275-76 (3d Cir. 1991). When considering the six factors in light of the Court's obligation to "place a thumb on the scales in favor of granting jurisdiction," *Golden Gate*, 2015 WL 6111426 at *2, only the order in which jurisdiction was obtained weighs significantly in favor of abstention.

The order in which jurisdiction was obtained is measured "in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. The Pennsylvania action was filed in 2010. Defendant claims it has "conducted the majority of discovery needed for filing of a dispositive motion, or to proceed the case to trial" in that action. Mot. to Dismiss at 6. In contrast, this case was filed in New Jersey state court on March 31, 2015, removed on May 11, dismissed without prejudice due to a procedural defect on July 28, and reopened on September 24. The advanced progress of the Pennsylvania action would favor abstention.

But the other *Colorado River* factors would not weigh strongly enough in favor of abstention. The first factor is irrelevant, as this case is not *in rem*. Second, although the federal forum may be somewhat inconvenient for Defendant, a Pennsylvania corporation, this inconvenience is minor, because the fora are in adjacent states and "the bulk of the litigation will be conducted via electronic filing and mail service on the parties." *Golden Gate*, 2015 WL 6111426 at *3.

The "avoidance of piecemeal litigation" factor is met only where there is "a strongly articulated congressional policy against piecemeal litigation in the specific context of the case under review." *Ryan v. Johnson*, 115 F.3d 193, 198 (3d Cir. 1997) (emphasis removed). This

factor is not met here because there is no "evidence of a strong federal policy that all claims" like the ones here "should be tried in the state courts." *Id.* State law does control, weighing marginally in favor of abstention, but federal district courts routinely decide breach of contract claims in diversity cases. *Cf. id.* at 200 (state law factor did not support abstention in an action based on negligence, "an area . . . in which federal courts are called upon routinely to predict state law."). Finally, although the Pennsylvania court will adequately protect the parties' interests, this factor is "a one-way ratchet, serving only to weigh *against* abstention where a state court is incapable of protecting a party's interests." *Golden Gate*, 2015 WL 6111426 at *4 (citing *Moses H. Cone*, 460 U.S. at 26-27) (emphasis in original). Even if the Court found these actions to be parallel, there are insufficient reasons to grant abstention.

### b. The federal first-filed rule does not apply to state actions.

Under the first-filed rule, a district court may "enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). This authority is not a mandate, and district courts have discretion to "retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." *Id.* at 972. Defendant concedes that the first-filed rule is "typically applied to parallel actions in Federal courts" but argues that it should be applied to "co-pending state and federal cases," including this one. Mot. to Dismiss at 17.

Although this issue has not been addressed by the Third Circuit, the Eleventh Circuit has held that the first-filed rule should be applied to co-pending federal and state litigations. *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). In doing so, it cited practicality and federalism concerns, noting that the "continued vitality and independence of concurrent judicial systems require our sensitive consideration of ongoing proceedings in state

courts." *Id.* at 1173-74; *but see Cent. States Indus. Supply, Inc. v. McCullough*, 218 F. Supp. 2d 1073, 1093 (N.D. Iowa, 2002) (An "examination of legal precedent among the federal courts reveals overwhelming support for the application of the first-filed rule to concurrent actions only as between federal courts."); *Johnson & Johnson Vision Care, Inc. v. Kenneth Crosby N.Y., LLC*, 2010 WL 1030121 at *3 n. 8 (M.D. Fl. March 17, 2010) ("The Court discerns some tension between the *Haydu* cases and the analysis prescribed by *Colorado River*.").

This Court is not persuaded that the first-filed rule applies where the earlier-filed case is proceeding in state court, because such a result would conflict with *Colorado River*. In applying the first-filed doctrine to state litigation, the Eleventh Circuit recognized that "[s]everal judicial doctrines discourage needless conflict between the separate judicial systems" but did not address or apply the *Colorado River* doctrine specifically. *Haydu*, 675 F.2d at 1173-74. Where the same parties litigate the same claims in two federal courts, a district court has discretion to apply the first-filed rule because it "encourages sound judicial administration and promotes comity among federal courts of equal rank." *Univ. of Pa.*, 850 F.2d at 971. But where such litigations proceed in one federal and another state court, the *Colorado River* doctrine is "narrowly applied in light of the general principle that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Nationwide Mut.*, 571 F.3d at 307 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)); *see also Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 549-50 (7th Cir. 1997) ("[T]he primary duty of the district court is to exercise the jurisdiction vested in it by law; the presumption is against abstention.") (internal quotations omitted).

In contrast to the federal first-filed rule, before a Court can abstain from exercising jurisdiction under *Colorado River*, it must consider clearly-defined factors such as "whether

federal or state law controls" and "whether the state court will adequately protect the interests of the parties," and these factors are "heavily weighted in favor of the exercise of jurisdiction." *Nationwide Mut.*, 571 F.3d at 308. As example, in *Golden Gate National Senior Care*, the Third Circuit found that a district court abused its discretion by abstaining where a state court action involving an arbitration clause had been filed before a similar federal action. 2015 WL 6111426 at *3-4. The Circuit found that there were no "exceptional circumstances" warranting abstention because federal issues were presented by the Federal Arbitration Act and piecemeal litigation was appropriate in the arbitration context. *Id.* Were the first-filed rule to apply as Defendants suggest, the district court could have deferred to the state litigation because it was filed first without even considering the factors that were the basis for the Circuit's decision. If the first-filed rule applied to parallel litigation in federal and state court, the demanding *Colorado River* test would be subsumed by the first-filed doctrine's more lenient and permissive standard.

WorkXpress refers to a Third Circuit case, *Joffe v. Joffe*, 384 F.2d 632, 633 (3d Cir. 1967), for the position that "the Third Circuit has demonstrated that it will stay federal cases in favor of parallel state cases." Mot. to Dismiss at 17 n. 7. There, the Third Circuit held that it was proper for a district court to stay an action until proceedings in New Jersey state court were resolved. *Joffe*, 384 F.2d at 633. *Joffe* does not support Defendant's argument because it was decided before *Colorado River*. The other authority Express provides is an unpublished opinion from this district, *Catlin Specialty Ins. Co. v. Plato Construction Corp.*, which applied the first-filed rule when state and federal litigations were co-pending, citing *Haydu*. No. 10-cv-5722, 2012 WL 924850, at *3 (D.N.J. Mar. 19, 2012) (Kugler, J.). As discussed, this Court does not find the *Haydu* rationale persuasive.

Finally, the Court notes that, even if it were convinced that the first-filed rule applies to simultaneous state and federal litigations, it would not necessarily apply here. Courts have applied "a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007) (internal quotation omitted); *see also Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 980 (7th Cir. 2010) ("[W]here the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief[,] we ordinarily give priority to the coercive action, regardless of which case was filed first."). Because the Pennsylvania action is an action for declaratory judgment, this Court would exercise its discretion and decline to apply the first-filed rule, even if that rule were applicable where the earlier-filed action is in state court. *See E.E.O.C. v. Univ. of Pa.*, 850 F.2d at 972 (The first-filed rule "is not a mandate directing wooden application . . .").

### c. New Jersey procedural law does not provide a separate basis for abstention.

Defendant next argues that this Court should "apply New Jersey procedural law, which requires dismissal of a subsequently filed state action," because the issue is outcome determinative. Mot. to Dismiss at 9, 18-20. According to Express, New Jersey law "requires dismissal of a subsequently filed state action," and this state rule should be applied here under the *Erie* doctrine. *Id.*

A federal court sitting in diversity "must apply state substantive law and federal procedural law" with the objective that "the outcome of the litigation in the federal court [will] be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Chamberlain v. Giampapa*, 210 F.3d 154, 158-59 (3d Cir. 2000) (quotations omitted). But even where "application of the state rule may hold some potential for

affecting the outcome, a strong countervailing federal interest will dictate recourse to the federal rule." *Id.* at 159.

Defendant has not advanced any case where an action was dismissed by a federal court on the basis of New Jersey's first-filed rule by application of the *Erie* doctrine. The Seventh Circuit reversed a district court's ruling that an analogous Illinois statute, which provided for discretionary dismissal of a later-filed duplicative action, "was sufficiently 'substantive' that it had to be applied in [a] diversity case." *AXA Corp. Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 274 (7th Cir. 2003). That Circuit noted that "both [the Illinois statute] and the *Colorado River* doctrine address the general problem of duplicative litigation," but the dismissal provisions in the Illinois statute are construed liberally, while *Colorado River* abstention requires a finding of extraordinary circumstances. *Id.* at 276-77. The Seventh Circuit conceded that this difference might lead to undesirable forum shopping but concluded that:

> [T]he problem addressed by [the Illinois first-filed statute] is closely akin to topics such as forum non conveniens, lis pendens, and venue statutes. Each of those areas addresses an organizational matter that is governed by the law of the sovereign that established the forum. . . . We see no way for a federal court simultaneously to follow the Supreme Court's *Colorado River* doctrine and to apply the rule of [the Illinois statute]. Given that conflict, and given the procedural nature of this problem, we conclude that the state statute should not have played any role in the decision whether to retain or dispose of this litigation.

*Id.* at 277-78.

The Seventh Circuit's reasoning as to Illinois's first-filed statute is persuasive here. This Court cannot apply New Jersey's first-filed rule while simultaneously complying with the Supreme Court's instructions in *Colorado River*.

**2. Counts II and III will not be dismissed at this stage.**

11

Defendant has also moved for the Court to dismiss Spellman's claims for breach of the duty of good faith and fair dealing and unjust enrichment, arguing that these claims arise out of the same conduct as Spellman's breach of contract claim. *See* Mot. to Dismiss at 20-24.

### a. Good Faith and Fair Dealing

In Count II, Plaintiff incorporates the facts and allegations laid out earlier in the complaint and then pleads that Defendant breached the duty of good faith and fair dealing because it "acted in bad faith and/or with a malicious motive to deny Plaintiff some benefit of the bargain originally intended by the parties, thereby causing the Plaintiff injuries . . ." Compl. ¶¶ 61-64. Defendant argues that such a claim cannot be maintained where "the conduct at issue is governed by the terms of an express contract or the cause of action arises out of the same conduct underlying the alleged breach of contract." Mot. to Dismiss at 20-21 (quoting *Hahn v. OnBoard LLC*, 2009 WL 4508580, at *15 (D.N.J. Nov. 16, 2009)). In response, Spellman argues first that "there is no express contract alleged," because the complaint states that the parties' agreement "was both verbal and written." Brief in Opposition to Mot. to Dismiss ("Opp."), ECF No. 24 at 25. He also argues that Count II differs from Count I because "Spellman's allegations of WorkXpress' [sic] breach of good faith and fair dealing stems from [the] decision to bypass Spellman when dealing with Servolift." *Id.*

"A breach of the implied covenant of good faith and fair dealing differs from a literal violation of the contract." *Wade v. Kessler Inst.*, 172 N.J. 327, 340 (2002) (internal quotation omitted). Where a party has breached a specific term of a contract, that party cannot be found separately liable for breaching the implied covenant of good faith and fair dealing "when the two asserted breaches basically rest on the same conduct." *See id.* at 344.

Under Federal Rule of Civil Procedure 8(d), a party may set out multiple claims "alternatively or hypothetically," and "may state as many separate claims or defenses as it has, regardless of consistency." Where it is undisputed that a valid and unrescinded contract governs the conduct at issue, breach of implied duty claims can be dismissed at the motion to dismiss stage. *E.g. T.J. McDermott Transp. Co., Inc. v. Cummins, Inc.*, No. 14-4209, 2015 WL 1119475 at *10-13 (D.N.J. March 11, 2015) (dismissing claim for breach of implied covenant of good faith and fair dealing brought alongside a similar claim for breach of express warranty where the court had reviewed the warranty agreement). But where a contract's existence or its specific terms are disputed, a court may allow breach of contract claims to proceed through discovery or trial alongside alternative causes of action. *E.g., Kuzian v. Electrolux Home Prods., Inc.*, 937 F. Supp. 2d 599, 620 (D.N.J. 2013) ("The Court recognizes that plaintiffs have pleaded alternative bases for recovery, but having adequately asserted their allegations under those alternative theories, they are permitted to proceed to discovery on those claims."); *cf. Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 311 (3d Cir. 1982) (New Jersey law "preclude[s] recovery [for quasi-contract claims] where, as here, there is . . . no contention that the express contract is void or did not exist.") (quotations and citations omitted).

Spellman's complaint alleges that he "and WorkXpress had a verbal and written agreement (herein 'Spellman/WorkXpress Contract') as it relates to the relationship with Servolift." Compl. ¶ 19. The complaint also says that "the Spellman/WorkXpress Contract made Spellman the single contact between Servolift and WorkXpress and that all contact was to go from Servolift to Spellman to WorkXpress or from WorkXpress to Spellman to Servolift." *Id.* ¶ 51. Spellman's first argument that there was no express agreement is directly contradicted by these pleadings. His second argument that Count II deals with different conduct than Count I is

also not persuasive, because Count I alleges generally that "Defendants' actions have violated specific terms of the Contract with Plaintiff, including other documents referenced therein" and incorporates references to the prohibition of direct contacts between WorkXpress and Servolift in the "Spellman/WorkXpress contract." *Id.* ¶¶ 51, 54, 56.

But although the arguments put forward in Spellman's opposition to this motion are not persuasive, the Court finds that a dismissal of Count II at this time would be premature. Because the parties continue to dispute the terms and nature of the parties' contract, none of which have been set forth in the complaint, the Court cannot determine at this stage whether the conduct alleged in Count II "differs from a literal violation of . . . a pertinent express term." *Wade*, 172 N.J. at 340-41 (internal citations and quotations omitted). The Court will not dismiss Count II at this stage. *See Kuzian*, 937 F. Supp. 2d at 620; *cf. U.S. Accu-Measurements, LLC v. Ruby Tuesday, Inc.*, No. 10-5011, 2014 WL 197878 at *5 (D.N.J. Jan 14, 2014) (Court would "asses, at trial's end, whether there is sufficient evidence to instruct the jury on breach of contract, quantum meruit, or both.").

### b. Unjust Enrichment

Defendant also moves to dismiss Spellman's unjust enrichment claim. Mot. to Dismiss at 22-23. WorkXpress argues that an unjust enrichment claim can only be brought "if there is no express contract covering the same subject matter." *Id.* (citing *Shapiro v. Solomon*, 42 N.J. Super. 377, 385 (App. Div. 1956)). As discussed, a party may bring alternative or inconsistent claims in the same action, and it "is only recovery under inconsistent theories that is not permitted." *Caputo v. Nice-Pak Prods., Inc.*, 300 N.J. Super. 498, 507 (App. Div. 1997). But in Spellman's brief in opposition to this motion, he does not argue that Count III is an alternative to the Servolift contract allegations in Count I. Instead he claims that Count III "deals with the

services Spellman rendered to WorkXpress," specifically, "the benefit of Spellman creating the marketing plans and the . . . company and product names . . ." Opp. at 27. In its reply, Defendant contends that "since Spellman has now effectually limited his unjust enrichment claim to this basis only, his claim is barred by the statute of limitations." Reply, ECF No. 25 at 12.

"It is usually improper for a moving party to shift gears and introduce new legal arguments in the reply brief." *Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F. Supp. 2d 537, 543 (D.N.J. 2013). But although Defendant's statute of limitations argument here was raised for the first time in its reply brief, the Court will consider it because Spellman limited his arguments about unjust enrichment to the "marketing plans and . . . the company and product names" for the first time in his opposition brief. Opp. at 27.

"[T]he language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, [but] an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994). The statute of limitations for an unjust enrichment claim in New Jersey is six years. *Kopin v. Orange Prods.*, 297 N.J. Super. 353, 373-74 (App. Div. 1997). Spellman's complaint alleges that:

> Spellman's relationship with WorkXpress dates back to the company's creation on or around 2002. Spellman alleges he was instrumental in designing and creating the companies [sic] sales and marketing plans during the start up phases of WorkXpress which continued for about 5 years. Spellman alleges that he was credited, by WorkXpress, with the creation of the company names "Express Dynamics" and "XpressDynamics" and the software product name "WorkXpress" which the company has now taken as the company's d/b/a name. Spellman alleges that he was to be compensated from WorkXpress for his risk, time, expertise and capital expenditures in creating the marketing plans and for the creation of the company and product names.

Compl. ¶¶ 7-10. It is clear from the face of the complaint that Spellman's alleged creation of the "sales and marketing plans" continued from 2002 "for about 5 years," extending to "about" 2007. Less clear from the face of the pleadings is whether the "creation of the company names . . . and the software product name" is alleged to have taken place during this period. Any conduct that took place before March 31, 2009 is barred by the statute of limitations for unjust enrichment, and Spellman will be allowed to proceed on his Unjust Enrichment cause of action only to the extent that he can allege any conduct that took place after that date. But the complaint does not "facially show[] noncompliance with the limitations period" because it does not specify the date at which Spellman's alleged work on behalf of WorkXpress ended, so the Court will not dismiss Count III in its entirety at this stage. *Oshiver*, 38 F.3d at 1384 n. 1.

Defendant also argues that Count III is deficient because of its incorporation of "all prior allegations in the Complaint." Mot. to Dismiss at 23. The complaint describes all of the alleged conduct in a section titled "Facts Applicable to All Counts," and each Count then contains a paragraph stating that "Spellman hereby repeats and incorporates the allegations set forth above as if fully set forth at length herein." Compl. ¶¶ 5, 54, 61, 65. Although a party may bring both unjust enrichment and breach of contract claims in the alternative, *see Caputo*, 300 N.J. Super. at 507, some federal courts have dismissed unjust enrichment claims as technically defective where, as here, they incorporates part of a pleading that alleges the existence of a contract. *See Oswell v. Morgan Stanley Dean Witter & Co., Inc.*, No. 6-5814, 2007 WL 1756027 at *9 (D.N.J. June 18, 2007) (Incorporation of general facts "was improper because an unjust enrichment claim must be independent of a breach of contract claim . . .").

This Court finds this technical deficiency to be insufficient grounds to dismiss these claims. Spellman filed the complaint in this action while acting pro se. *See* ECF No. 16 ¶ 1. The Third Circuit has emphasized the "liberal construction of pro se pleadings" and has noted that:

> The federal rules do not . . . require technical exactness or draw refined inferences against the pleader; rather they make a determined effort to understand what he is attempting to set forth and to construe the pleading in his favor, whenever justice so requires. This is particularly true when a court is dealing with a complaint drawn by a layman unskilled in the law. In these cases, technical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized to determine if any legally cognizable claim can be found within it.

*Lewis v. Attorney Gen. of the United States*, 878 F.2d 714, 722 n. 20 (3d Cir. 1989) (citing 5 Wright & Miller, Fed. Practice and Procedure § 1286 (1969)). When the Court examines Spellman's "entire pleading . . . to determine if any legally cognizable claim can be found within it," it finds that Counts III adequately states a claim for unjust enrichment despite its incorporation of earlier allegations that reference the Servolift contract.

### 3. The Court will not stay this action.

Finally, Defendant requests that the Court "stay the present proceedings pending the result of the Pennsylvania Action." Mot. to Dismiss at 24. District courts have the "power to stay proceedings [which] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *CTF Hotel Holdings, Inc. v. Marriott Intern., Inc.*, 381 F.3d 131, 141 (3d Cir. 2004) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). But a stay is also one of the remedies that a Court may grant if the *Colorado River* test is satisfied. *See Nationwide Mut.*, 571 F.3d at 307. "Though these powers coexist, they are different and cannot be used . . . as alternative methods for accomplishing an identical result." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). Where a case is governed by *Colorado River*, a district court may grant a limited

and finite stay but abuses its discretion if it uses its inherent power over its docket "as an alternative justification for . . . a stay which effectively dismisse[s a] federal proceeding in favor of a concurrent state dispute." *Id.* at 1249.

Defendant asks the Court to stay this litigation until the Pennsylvania action is resolved, seeking one of the remedies that would have been available had the Court granted its motion to abstain under *Colorado River*. Mot. to Dismiss at 24-25. WorkXpress asserts that it has "conducted the majority of discovery needed for filing of a dispositive motion [in Pennsylvania], or to proceed the case to trial." Mot. to Dismiss at 6. Spellman responds that the company "has allowed the Declaratory Action to languish in Pennsylvania for more than five (5) years. . ." Opp. at 29-30. Neither party has provided an estimate as to when the Pennsylvania action is likely to be concluded. Nothing in the record before the Court suggests that a stay of this action pending the conclusion of litigation in Pennsylvania would be of a sufficiently limited or finite duration so as not to merely serve as an alternative path to *Colorado River* abstention.

Because the Court has concluded that these actions do not satisfy the *Colorado River* test for abstention in favor of the Pennsylvania action, Defendant's request for a stay pending the outcome of that litigation is denied.

## CONCLUSION

Defendant's motion to dismiss or stay this action is denied. An appropriate order follows.

Date: December 15, 2015

_____
Hon. William H. Walls
United States Senior District Judge